```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 REUBEN BRAMBLE,

                    Plaintiff,                   MEMORANDUM & ORDER
                                                 23-CV-5141 (EK)(LB)

          -against-

 CHARLES H. HYNES, JONATHAN FINK,
 JULIE SCHWARTZ, MICHAEL JUVILER, and
 LEWIS DOUGLASS¹

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Reuben Bramble brought this action against former King's County District Attorney Charles Hynes, two former Assistant District Attorneys in his office, and former Kings County Supreme Court Justices Michael Juviler and Lewis Douglass. Bramble is proceeding *pro se*.² Retired Justice Douglass has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6); the two former ADAs — Jonathan Fink and Julie Schwartz — have moved to dismiss for failure to state a claim.³

---

¹ The complaint misidentifies the defendants as "Mr. Fink, Julie Swartz, M. Juviler, and L. Douglass." The Court respectfully directs the Clerk of Court to amend the official caption of this case to conform to the caption above.
² Bramble paid the filing fee and was therefore not subject to Section 1915 review. *See* ECF No. 2.
³ Justice Juviler passed away in 2017 and his estate has not yet been served. *See* ECF No. 14 at 11. Justice Douglass is represented in this action by the New York State Attorney General's office, which — although it

For the reasons set forth below, the defendants' motions are granted.

## I. Background

The following facts are taken from Bramble's complaint and materials attached thereto, and are assumed to be true, unless otherwise indicated. Thirty years ago, Bramble was arrested and charged in connection with a gunpoint home-invasion robbery. Compl. ¶¶ 11-13, ECF No. 1. An alleged accomplice, Vincent Lubin, was charged alongside him. *Id.* ADAs Schwartz and Fink prosecuted the case under Hynes's direction; Justices Juviler and Douglass presided over the relevant judicial proceedings.[4] *Id.* at ¶ 1. In October 1994, Bramble pleaded guilty to Robbery in the First Degree. *People v. Bramble*, No. 303/1994, 2008 WL 3333884 at *1 (N.Y. Sup. Ct. May 5, 2008). Justice Juviler sentenced him to five to fifteen years' imprisonment. *Id.*

His co-defendant, however, apparently did not wait around for trial: Lubin absconded while on pretrial release and was not rearrested until 2001.[5] *Id.* The following year, Lubin

---

is not representing Justice Juviler — maintains that "all defenses described herein apply equally" to both former justices. *Id.* Similarly, all of Fink and Schwartz's arguments apply equally to their former boss, District Attorney Hynes.

[4] Justice Juviler presided over Bramble's sentencing in 1994, while Justice Douglass granted the State's motion to dismiss Lubin's indictment in 2002.

[5] These facts appear in a state court judgment, of which the Court may take judicial notice. *See Simmons v. Trans Express Inc.*, 16 F.4th 357, 360

filed a *pro se* motion to dismiss the indictment because of the prosecution's ostensibly "improper receipt of the hearsay ballistics report" and the "consequent infirmity of the Grand Jury evidence." *Id.* at *1 n.3. That motion was denied by Justice Douglass. Still, the district attorney eventually declined to pursue the case against Lubin, apparently (as discussed below) because of the passage of time. *Id.* On the prosecutor's oral application, Justice Douglass dismissed the indictment against Lubin in 2002. *Id.*; Compl. ¶ 16.

Attached to Bramble's complaint in this case is a copy of Lubin's motion to dismiss the indictment — the motion that was denied. Bramble argues that Lubin's motion establishes that the ADAs "intentionally presented legally insufficient evidence before a Grand Jury to secure an invalid indictment" against the two of them. *Id.* at ¶ 12; *see* Ex. A., *Id.* at 10-11. Bramble also claims — inaccurately — that Justice Douglass granted Lubin's motion. According to Bramble, this decision to dismiss the indictment as to Lubin, but not Bramble himself, denied Bramble the "equal protection of the law." *Id.*

Bramble made this same claim to the state courts before coming here. *Bramble*, 2008 WL 3333884 at *1. In 2008, the New York Supreme Court denied Bramble's C.P.L. Section

---

(2d Cir. 2021) (courts may take judicial notice of state-court judgments and filings).

3

440.10 motion to vacate his conviction. *Id.* The court pointed out Bramble's misimpression, noting that the charges against Lubin were not dismissed because of any defect in the proceedings before the grand jury:

> [T]he defendant continues to raise this argument because he is laboring under the misapprehension that his co-defendant's case was dismissed on this same ground. That is not true. While the co-defendant had brought the identical claim seeking dismissal of his case on the basis of the alleged improper receipt of the hearsay ballistics report and consequent infirmity of the Grand Jury evidence (by way of a *pro se* motion dated March 19, 2002), such was not the ground upon which the indictment was ultimately dismissed against him.
>
> On the contrary, it is evident that the co-defendant's case was dismissed upon an application by the District Attorney's Office because the People were no longer in a position to prosecute the case against the co-defendant given the passage of time and loss of witnesses due to Mr. Lubin's having absconded and being at large for seven years.
>
> While the co-defendant benefitted from his flight, this provides no ground to reverse Mr. Bramble's conviction and vacate his plea, entered years earlier. In any event, none of this affects the defendant's subsequent conviction, after trial, upon the charge of Manslaughter in the Second Degree and his sentence of seven to 14 years thereon.

*Id.* at *1 n.3.

## II. Legal Standard

When a party moves for dismissal under both Rule 12(b)(1) and other grounds, "the court should consider the Rule 12(b)(1) challenge first" because, following a dismissal for lack of subject matter jurisdiction, "the accompanying defenses

4

and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).

Moreover, when a plaintiff is proceeding *pro se*, courts "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). That said, a *pro se* plaintiff must still comply "with relevant rules of procedural and substance law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### III. Discussion

Bramble brings claims for "wrongful conviction, unlawful imprisonment, and denial of equal protection of the law," Compl. ¶ 1, which the Court construes as Fourteenth

Amendment due process and equal protection claims brought under 42 U.S.C. § 1983.  As relief, Bramble requests that the Court "[d]ismiss the entire indictment and anything that proceeds [sic] it" and award $100 million in compensatory damages, $100 million for pain and suffering, and $100 million in punitive damages.  Compl. at 9.

The defendants move for dismissal.  They argue that Bramble's request that the Court dismiss his state court indictment and conviction is barred by *Rooker-Feldman*, and that his request for money damages is barred by the doctrines of sovereign and absolute immunity.

**A.   *Rooker-Feldman***

The *Rooker-Feldman* doctrine precludes consideration of Bramble's request that this Court dismiss his indictment and vacate his state court conviction.  And *Rooker-Feldman* is jurisdictional: it "pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).

Under the *Rooker-Feldman* doctrine, federal district courts "are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).  The doctrine bars suit where:

(1) the federal-court plaintiff lost in state court;

6

> (2) the plaintiff complains of injuries caused by a state court judgment;
>
> (3) the plaintiff invites review and rejection of that judgment; and
>
> (4) the state judgment was rendered before the district court proceedings commenced.

*Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023).

District courts have been instructed to employ a "claim-by-claim" approach to *Rooker-Feldman* preclusion. *See Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021). And when a plaintiff seeks multiple remedies on a single claim — say, both vacatur of a conviction and money damages, in response to a single due-process violation — it becomes necessary to break that approach down even further. In such cases, courts will bifurcate the analysis of a single claim, asking whether *Rooker-Feldman* bars consideration thereof "to the extent that" the plaintiff seeks one remedy or the other. *See, e.g., Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) ("To the extent that Teichmann only seeks a declaration that his state conviction is invalid, he seeks nothing more than review of a state court judgment."). Here, *Rooker-Feldman* clearly precludes consideration of Bramble's due-process and equal protection claims to the extent that he seeks to vacate his conviction.

As to the first *Rooker-Feldman* requirement above, Bramble lost in state court when he was convicted pursuant to

7

his plea in 1994. "[T]hat the state court violated [a plaintiff]'s constitutional rights in accepting a guilty plea . . . is precisely the kind of claim the *Rooker-Feldman* doctrine bars." *Gokadze v. Hynes*, No. 11-cv-6099, 2012 WL 6737505, at *2 (E.D.N.Y. Dec. 28, 2012); *see also Molina v. James*, No. 21-CV-3144, 2022 WL 813815, at *4 (E.D.N.Y. Mar. 17, 2022).

The second element is also clearly met. Bramble's injuries — that he was "unlawfully imprisoned for more than two decades" — are the direct result of his state court conviction. Compl. ¶ 17.

As to the third requirement, Bramble "invite[s] review and rejection" of the state court's judgment when he asks that this Court "[d]ismiss the entire indictment and anything that proceeds [sic] it." Compl. at 9; *see Teichmann*, 769 F.3d at 826 (dismissing Section 1983 claims under *Rooker-Feldman*); *see also Mitchell v. New York State*, No. 22-CV-1747 (LDH), 2023 WL 2734823, at *4 (E.D.N.Y. Mar. 31, 2023) ("Because Plaintiff challenges the validity of his state court criminal conviction, he necessarily invites the Court to review the judgment of conviction.").

*Rooker-Feldman* does not bar Bramble's request for money damages. "[A]lthough plaintiffs may not seek to have a state court judgment voided, our court has concluded that *Rooker-Feldman* does not bar plaintiffs from seeking compensatory

8

damages for misconduct that defendants pursued in obtaining state court judgments." *Dorce v. City of N.Y.*, 2 F.4th 82, 104 (2d Cir. 2021); *see also Cowan v. Hunter*, 762 F. App'x 521, 523 (10th Cir. 2019) (while *Rooker-Feldman* barred plaintiff's request to vacate state conviction, his "claim for money damages doesn't trigger the *Rooker-Feldman* doctrine"); *Molina*, 2022 WL 813815 at *4 (*Rooker-Feldman* barred request for a declaration that the plaintiff was not guilty, but not request for money damages).

**B.   Immunity**

Bramble's requests for monetary damages are subject to dismissal based on certain immunities.  Bramble has named all defendants in "their official and individual capacities." Compl. ¶ 1.  As set forth below, New York judges and prosecutors are afforded Eleventh Amendment immunity from damages claims asserted against them in their official capacities.  And they are accorded absolute immunity on the damages claims asserted against them here in their individual capacities.

1.   <u>Eleventh Amendment Immunity</u>

Bramble professes to assert claims against all defendants in their official capacities.  In that posture, the Second Circuit has instructed that we "treat the suit as one against the entity of which an officer is an agent." *D'Alessandro v. City of New York*, 713 F. App'x. 1, 8 (2d Cir.

9

2017) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). When "a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity." *Id.* (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)).

When the Eleventh Amendment applies, a damages action cannot proceed "unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). New York has not waived its sovereign immunity in Section 1983 suits. *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977). And Congress has not abrogated it. *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990).

Still, Bramble's *allegation* that the defendants acted in their official capacities does not make it so; official-capacity action is defined more narrowly than the nomenclature might suggest. The Eleventh Amendment bars actions against state officials only when "the state is the *real* party in interest," *see Farid v. Smith*, 850 F.2d 917, 921 (1988) — or, put differently, when "the action is in reality a suit against the state itself." *Id.* (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984)).

10

These criteria are not inherently satisfied when state officials' actions violate the Constitution, *even if* they are acting pursuant to a state-law requirement. *Farid*, 850 F.2d at 921-22. More is required: for example, some indication that the plaintiff is demanding "a judgment payable from state funds." *Id.* at 923 (citing *Cory v. White*, 457 U.S. 85, 90 (1982)); *see also Berman Enterprises, Inc. v. Jorling*, 3 F.3d 602, 606 (2d Cir. 1993) ("The complaint specifically seeks damages from the defendants in their individual capacities and the mere fact that the state may reimburse them does not make the state the real party in interest."). There is no such indication here.

To the extent Bramble seeks to proceed against the defendants in their official capacities, his claims for damages are dismissed under Rule 12(b)(1). *See Nat'l Ass'n for Advancement of Colored People v. Merrill*, 939 F.3d 470, 479 (2d Cir. 2019) (sovereign immunity deprives court of subject matter jurisdiction); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 150 (1993) (Stevens, dissenting) (Eleventh Amendment "goes to the jurisdiction of the federal court"). Given that he also — and more plausibly — asserts claims against them in their individual (or "personal") capacities, we proceed to consider the immunities that apply in that context.

11

2. <u>Absolute Immunity for Judges and Prosecutors</u>

As noted above, Bramble sued all defendants "in their official and individual capacities." Compl. ¶ 1. The individual-capacity claims, too, must be dismissed, as the defendants are immune from suit for damages in their individual capacities. *See Ying Jing*, 996 F.2d at 530.

To plead a viable individual-capacity claim, Bramble must demonstrate that the defendants acted entirely outside their respective mandates. "Judges are absolutely immune from damages suits for judicial acts, even when a complaint raises allegations of bad faith or malice, as long as that conduct was not taken in the complete absence of all jurisdiction." *Idlibi v. Burgdorff*, No. 23-7384, 2024 WL 3199522, at *3 (2d Cir. June 27, 2024) (affirming dismissal of religious-discrimination claim against judge in her individual capacity).

Likewise, "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987); *see also D'Allessandro*, 713 F. App'x. at *5 (prosecutor is not protected "when she acts without any colorable claim of authority"). And in the Second Circuit, "a prosecutor unquestionably acts as an advocate — and therefore receives absolute immunity — when she initiates and pursues a

12

criminal prosecution." *Id.* (citing *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005)).

Here, all of Bramble's allegations stem from actions that fall squarely within the defendants' core duties as judges and prosecutors in the criminal proceedings: they prosecuted, convicted, and / or sentenced him for committing robbery. The defendants are thus absolutely immune from suit with respect to their alleged actions. Bramble's claims against them are dismissed.

**C.  Plaintiff's Claims are Time-Barred**

The prosecutors' immunity, at least, is not jurisdictional; instead, it is "a common law immunity available upon a Rule 12(b)(6) motion." *Tigano v. United States*, 527 F. Supp. 3d 232, 243 n.4 (E.D.N.Y. 2021) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419-22 (1976); *Bouchard v. Olmstead*, 775 F. App'x 701, 702-03 (2d Cir. 2019)). Accordingly, we go on to hold that Bramble's claims are barred by the applicable statute of limitations.

A complaint that is time-barred fails to state a claim on which relief may be granted, *see Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023), and a district court may *sua sponte* dismiss a complaint as time-barred "where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Commer. Bank*

13

*of China*, Ltd., 651 F.3d 280, 293 (2d Cir. 2011). "Under well-settled law, claims under Section 1983 . . . are governed by New York's general statute of limitations for personal injury actions under N.Y. C.P.L.R. § 214(5), which is three years." *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 104 (2d Cir. 2023). This clock "begins to run once the plaintiff knows of the injury on which the claim is based." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997).

Bramble's Section 1983 claims are clearly time-barred. Bramble alleges that he was convicted in 1994 and that the indictment against his accomplice was dismissed in 2002. He has had over two decades to contemplate the injuries he now asserts. Indeed, he has used that time to bring similar claims in state court, *see Bramble*, 2008 WL 3333884 at *1, before finally initiating this action.

Because Bramble's complaint was filed long after the expiration of the applicable statute of limitations, the Court *sua sponte* dismisses his claims as time-barred.

## IV. Conclusion

For the foregoing reasons, the defendants' motions to dismiss are granted. The Clerk of Court is respectfully

14

directed to mail a copy of this Order to the plaintiff, to enter judgment, and to mark this action as closed.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 26, 2024
       Brooklyn, New York