```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
```

REUBEN BRAMBLE,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                                                                     23-CV-5141 (EK)(LB)

              -against-

CHARLES H. HYNES, JONATHAN FINK,
JULIE SCHWARTZ, MICHAEL JUVILER, and
LEWIS DOUGLASS,

                Defendants.

```
--------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        The Court dismissed Plaintiff Bramble's complaint in September 2024.  ECF No. 23.  Bramble filed a notice of appeal, but that notice was untimely, as the Second Circuit has indicated.  ECF Nos. 27, 30.  The Court of Appeals did, however, direct this Court to construe a letter that Bramble sent to the Clerk of Court — dated December 9, 2024 — as a motion to reopen the time for filing an appeal, and to consider whether such reopening is warranted.  ECF No. 30, at 2.

        A district court may reopen the time for filing a notice of appeal if (1) the movant did not receive notice of the "entry of the judgment or order sought to be appealed" within twenty-one days of entry, (2) the motion to reopen is filed "within 180 days after the judgment or order is entered[,] or within [fourteen] days after the [movant] receives notice . . .

of the entry, whichever is earlier," and (3) reopening would not prejudice any party. Fed. R. App. P. 4(a)(6).

Those conditions are satisfied here.

First, in his notice of appeal, Bramble represented that he did not receive a copy of the Court's dismissal order until December 20, 2024, more than twenty-one days after the order was entered. *See* Not. of Appeal 17.

Second, Bramble filed his letter with the Clerk of Court within 180 days of the dismissal order *and* within fourteen days of receiving notice of it. *See generally* ECF No. 25. The motion to reopen was therefore timely.

Third, the Court must consider prejudice. To assess any such prejudice here, the Court solicited letters from the defendants. *See* Docket Order dated August 1, 2025. Defendant Douglass took up the Court's invitation, arguing that Bramble's appeal is meritless and that "finality should be afforded to preclude any further federal litigation on this matter." *See* ECF No. 32, at 2. In the context of Rule 4(a)(6), however, "prejudice" means "some adverse consequence *other than the cost of having to oppose the appeal* and encounter the risk of reversal, consequences that are present in every appeal." Fed. R. Civ. P. 4(a)(6) (advisory committee note to the 1991 amendments) (emphasis added). Here, Douglass simply invokes the cost of opposing an appeal that he considers meritless. Thus,

2

the Court concludes that reopening the time to appeal will not prejudice defendants.

For the foregoing reasons, the motion to reopen the time to file a notice of appeal is granted.

SO ORDERED.

                                                    /s/ Eric Komitee
                                                    ERIC KOMITEE
                                                    United States District Judge

Dated:    August 12, 2025
            Brooklyn, New York